### COLLINS' LESSEE v. HUFFINGTON, WOOTEN et al.

Supreme Court. October, 1796.

*Wilson's Red Book, 149.*

PER CURIAM. READ, C. J. It is admitted John Collins had a legal estate. Plaintiffs derive title from him by a deed etc. It is a singular contract. He sells the land to them in fee with a power to Betty Scroggin to sell within ten years. He enters into a contract afterwards with Huffington and gave his conveyance bond. If the lands go by the deed, the right is joint and does survive, and the plaintiffs then have rightly brought their action. Huffington gave his bond in February 7, 1778, and paid it in June following. As this contract was made when the money was depreciating rapidly, depreciation has been allowed from January 1, 1777. You have heard the declarations of John Collins. The principal question for you is on the validity of this deed. It is said not to be proved to be delivered. It is true. delivery must

be proved, but it is true also that delivery to another is good, and the form of it is immaterial. The word "executed" does import signing, sealing, and delivery. This deed is a conveyance from a father to his children and is fraudulent against subsequent purchasers, but the fraud must commence with the deed. The short space of time between the deed and bond is the principal exception against the plaintiff's recovery. The power of selling makes a considerable difference. Five shillings is sufficient consideration while there is no force nor fraud etc. It is in evidence that Collins received a consideration in property of the grandfather of the grantee. Polly Collins, one of the plaintiffs, it is said disaffirmed this deed when she came to age by selling one of the Negroes. It is urged that Betty Scroggin stood by while the money for the land was paying. Persons having a lien ought to disclose it, 2 Com.Dig. [Title] "Chancery," 4, I 3, 4, W 28. It is said she was not present at the first contract, yet she ought to have given what evidence she could. You are to consider whether John Collins had fraud in view at the making of this deed.

Verdict for defendants.